PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHON FULLUM, | ) | |
| | ) | CASE NO. 1:16CV216 |
| Petitioner, | ) | (1:13CR237) |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Resolving ECF No. 93] |

Pending before the Court is Respondent United States of America's Motion to Alter Judgment. ECF No. 93. Respondent moves the Court to reconsider its Order granting Petitioner Stephon Fullum's Motion to Vacate in light of the Sixth Circuit's recent decision in *United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017). Petitioner responded. ECF No. 94. Respondent did not reply, and the time to do so has passed. For the following reasons, the Court grants the Motion to Alter or Amend Judgment and denies Petitioner's Motion to Vacate.

**I. Background**

At the conclusion of a bench trial,

> Petitioner was convicted of being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the final Presentence Report identified three previous convictions that were [Armed Career Criminal Act] predicates: Ohio Aggravated Robbery, in violation of Ohio Rev. Code § 2911.01(A)(2); Ohio Felonious Assault, in violation of Ohio Rev. Code § 2903.11(A)(2); and Ohio Aggravated Burglary, in violation of Ohio Rev. Code § 2911.11(A)(1). ECF No. 75. Petitioner had a total offense level of 31 and a criminal history category of IV, resulting in an advisory Guidelines range of 151 to 188 months. *Id*. On the Government's Motion, the Court varied downward eight levels,

(1:16CV216/1:13-CR-237)

imposing a sentence of 70 months.  ECF No.77; *see also* ECF No. 81 at PageID #: 545.

ECF No. 90 at PageID #: 585–86 (Memorandum of Opinion and Order granting the Motion to Vacate).

Petitioner moved the Court to vacate his sentence, claiming *Johnson v. United States*, 135 S. Ct. 2551 (2015) gave him a right to a *de novo* sentencing hearing.  *See* ECF No. 81 (Brief in Support of Motion to Vacate pursuant to 28 U.S.C. § 2255).  In response to that motion, the Court determined that, in the wake of *Johnson*, Petitioner's prior convictions under Ohio's Aggravated Robbery Statute, Ohio Rev. Code § 2911.01(A)(2), and Ohio's Aggravated Burglary Statute, Ohio Rev. Code § 2911.11(A)(1), were not Armed Career Criminal Act ("ACCA") predicate offenses because they lacked the requisite *mens rea*.  ECF No. 90 at PageID #: 591. Now, Respondent asks the Court to revisit its ruling through a lens largely re-shaped by the Sixth Circuit's ruling in *United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017), issued three days after the Court's ruling granting the Motion to Vacate.

## II.  Standard of Review

When faced with a timely motion, a district court may grant a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) only if there was (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice.  *Am. Civil Liberties Union v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  A district court "has considerable discretion in deciding whether to grant [a Rule 59(e)] motion." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *see also Huff v.*

2

(1:16CV216/1:13-CR-237)

*Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court.").

### III. Discussion

#### A. Aggravated Robbery

In its ruling granting Petitioner's Motion to vacate his sentence, the Court determined that Petitioner's 1984 conviction under Ohio's (pre-Senate Bill 2) Aggravated Robbery Statute, Ohio Rev. Code § 2911.01(A)(2), was not an ACCA predicate offense post-*Johnson*. ECF No. 90 at PageID #: 587–89. Three days after the Court issued its Order, the Sixth Circuit issued its published opinion in *United States v. Patterson*. In *Patterson*, the Sixth Circuit considered petitioner Patterson's conviction under Ohio Rev. Code § 2911.01(A)(1), holding that the conviction qualified as an ACCA predicate offense *via* the ACCA's elements clause. In so holding, the Sixth Circuit explained:

> Because any defendant convicted of aggravated robbery under Ohio Rev. Code § 2911.01(A)(1) necessarily threatened to harm someone else with a deadly weapon, all such defendants committed **the lesser included offense of robbery under Ohio Rev. Code § 2911.02(A)(2), which in turn requires proof that the defendant "[i]nflict[ed], attempt[ed] to inflict, or threaten[ed] to inflict physical harm on another."**

*Patterson*, 853 F.3d at 303 (citations omitted) (emphasis added). The Sixth Circuit punctuated by citing *United States v. Finley*, No. 15-6222, slip op. at 2–3 (6th Cir. Feb. 22, 2017), an unpublished decision in which it "ruled that even Ohio Rev. Code § 2911.02(A)(2), the lesser included form of robbery, counts as a violent felony under the elements clause." *Patterson*, 853 F.3d at 303.

3

(1:16CV216/1:13-CR-237)

Although *Patterson* and *Finley* concern slightly different statutes from that underpinning Petitioner's 1984 offense,[1] their reasoning is instructive in the instant case. The Ohio Robbery statutes in *Patterson* and *Finley* and the statute under which Petitioner was convicted (*i.e.* Ohio's pre-Senate Bill 2 Aggravated Robbery statute) all require the offender to "[i]nflict, or attempt to inflict serious physical harm on another." Therefore, the elements of "inflicting or attempting to inflict physical harm on another" are present in the statute upon which Petitioner's conviction for Aggravated Robbery relies. In the words of the United States: "[t]he 'very acts' that pre-Senate Bill 2 Section 2911.01(A)(2) require, *i.e.*, inflicting or attempting to inflict serious physical harm on another, themselves satisfy the ACCA elements clause requirement of 'use, attempted use, or threatened use of physical force against [the] person of another.'" ECF No. 93 at PageID #: 611; *see also* 18 U.S.C. § 924(e)(2)(B)(i). Thus, the elements, or "force," clause is sufficient to find that Petitioner's Aggravated Robbery conviction qualifies as a violent felony.

Additionally, the *Patterson* appellate court rejected Petitioner's argument that Ohio Rev. Code § 2911.01(A)(2) lacked an adequate *mens rea* requirement. "After noting that other circuit courts have ruled that the government need not prove a specific intent for every word in the elements clause, the Sixth Circuit explained that the Ohio Supreme Court's interpretation of Aggravated Robbery with a deadly weapon required an 'implied threat to inflict physical harm'

---

[1] Petitioner's protestation that *Patterson* relates to "a very different state statute" fails to persuade. ECF No. 94 at Page ID # 618. The robbery statute primarily at issue in *Patterson* requires that the offender "inflict, attempt to inflict, or threaten to inflict serious physical harm on another." Ohio Rev. Code § 2911.02(A)(2). The statute under which Petitioner was convicted, pre-Senate Bill 2 § 2911.01(A)(2), required that the offender "[i]nflict, or attempt to inflict serious physical harm on another." The language is nearly identical. Therefore, the analysis is also.

4

(1:16CV216/1:13-CR-237)

to the victim in every case, thus satisfying the ACCA and any intent requirement." ECF No. 93 at PageID #: 610–11 (citing *Ohio v. Evans*, 122 Ohio St. 3d 381, 386, 911 N.E.2d 889, 894 (2009)). "[T]he government does not need to prove a specific intent for every word in the elements clause." *Patterson*, 853 F.3d at 304.

The Sixth Circuit also rejected Petitioner's argument that the statute could be applied to a person who recklessly or negligently violated the statute, noting that there was no evidence of such application. *Id.* at PageID #: 304–05. The Court discourages such "imaginative flights" without evidence in support. *Id.* at PageID #: 305. To this end, Petitioner has not presented evidence of the statute being applied to one whom violates it negligently or recklessly.

For these reasons, the Court alters its judgment and finds that Petitioner's conviction under Ohio's Aggravated Robbery statute qualifies as a violent felony.

**B. Aggravated Burglary**

In its earlier issued Memorandum of Opinion and Order, the Court also determined that Petitioner's prior conviction under Ohio's Aggravated Burglary Statute, Ohio Rev. Code § 2911.11(A)(1), was not an ACCA predicate offense. ECF No. 90 at PageID #: 589–91. The Court relied on the inadequate *mens rea* requirement and lack of physical harm.

*Patterson*'s reasoning, as described above, makes the Court's earlier ruling untenable. *Patterson* makes it clear that the Aggravated Burglary statute under which Petitioner was convicted does not need a more explicit *mens rea* requirement, as the "very act" of inflicting or attempting to inflict serious physical harm on another satisfies the ACCA's requirement of "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §

5

(1:16CV216/1:13-CR-237)

924(e)(2)(B)(i). In this case, the acts the statute proscribes—inflicting or threatening to inflict physical harm on another, Ohio Rev. Code § 2911.11(A)(1)—are sufficient to satisfy the ACCA elements or force clause.

Ohio's Aggravated Battery statute also meets the ACCA's "physical force" requirement. In its earlier ruling, the Court cited *United States v. Castleman*, 134 S. Ct. 1405, 1411 (2014), in which the Supreme Court noted that "minor uses of force [such as bruising] may not constitute 'violence.'" ECF No 90 at PageID #: 590. The Sixth Circuit had, however, clarified *Castleman*, that *Castleman* "did not in any way reconsider the meaning of 'physical force' as used in 18 U.S.C. § 924(e)(2)(B)." *United States v. Glover*, No. 16-3775, 2017 WL 838280, at *2 (6th Cir. Mar. 3, 2017). The Sixth Circuit emphasized the Supreme Court's finding that "physical force" has a broader meaning in the violent-felony section of the United States Code than in the domestic violence context. *Id*. In this light, Petitioner's argument that *State v. Lewis*, No. 14CA6467, 2015 WL 6111474, at *9–10 (Ohio Ct. App. 2015), which held that mere bruising satisfied the Aggravated Burglary statute, does not meet the "physical force" requirement is unconvincing. ECF No. 88 at PageID #: 581–82. It is also noted that Petitioner has not submitted evidence of a person convicted of recklessly or negligently violating the statute.

For these reasons, the Court alters its judgment and finds that Petitioner's conviction under Ohio's Aggravated Robbery statute qualifies as a violent felony.

### IV. Conclusion

Because Petitioner has three convictions that qualify as ACCA predicate offenses—Aggravated Robbery, Aggravated Battery, and Felonious Assault— Petitioner was

(1:16CV216/1:13-CR-237)

properly subjected to the ACCA's enhanced penalties.  The Government's Motion to Alter Judgment is granted.  The Court's prior ruling, [ECF No. 90](#), is vacated.  Petitioner's Motion to Vacate is denied.

    IT IS SO ORDERED.

| | |
|---|---|
|  July 11, 2017 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |